IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:07cr081(1) |
| vs. | : | JUDGE WALTER HERBERT RICE |
| DANIEL GARCIA-GUIA, | : | |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING MOTION TO DISMISS FOURTH SUPERSEDING INDICTMENT FILED BY DEFENDANT DANIEL GARCIA-GUIA (DOC. #513); DECISION AND ENTRY OVERRULING MOTION TO INSPECT GRAND JURY TRANSCRIPT FILED BY DEFENDANT DANIEL GARCIA-GUIA (DOC. #643); DECISION AND ENTRY OVERRULING MOTION TO ISSUE SUBPOENA FILED BY DEFENDANT DANIEL GARCIA-GUIA (DOC. #644)

Defendant Daniel Garcia-Guia ("Defendant" or "Garcia-Guia") is charged in the Fourth Superseding Indictment (Doc. #508) with committing a number of counts relating to the alleged distribution of controlled substances, including one count of conspiring to distribute and to possess with intent to distribute cocaine and methylenedioxymethamphetamine, in violation of 21 U.S.C. § 846 (Count 1); two counts of attempting to possess with intent to distribute cocaine, in violation of § 846 (Counts 2 and 3); and eleven counts of using a communications facility in the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843

(Counts 4-14). He is also charged in Count 22 of the Fourth Superseding Indictment (Doc. #508) with engaging in a continuing criminal enterprise relating to the distribution of cocaine, in violation of 21 U.S.C. § 848.

This prosecution is now before the Court on the following interrelated motions filed by the Defendant, to wit: Motion to Dismiss Indictment (Doc. #513), Motion to Inspect Grand Jury Transcript (Doc. #643) and Motion to Issue Subpoena (Doc. #644). With the latter two motions, Garcia-Guia seeks to obtain information to support his Motion to Dismiss Fourth Superseding Indictment (Doc. #513). Defendant's request for dismissal focuses upon the addition of Count 22, charging him with engaging in a continuing criminal enterprise, in the Fourth Superseding Indictment (Doc. #508). Defendant points out that the most serious offense he faced in the Third Superseding Indictment (Doc. #422) was conspiracy to distribute and to possess with intent to distribute controlled substances, which, if convicted, would expose him to a minimum term of imprisonment of 10 years and a maximum sentence of life. Doc. #513 at 2. Garcia-Guia contends that, if convicted of engaging in a continuing criminal enterprise, as alleged by 22 of the Fourth Superseding Indictment, he would face a term of incarceration of 20 years to life. Id. at 3. According to Defendant, the minimum mandatory incarceration he is facing was increased by the addition of Count 22, as a result of prosecutorial vindictiveness caused by his (Defendant's) exercise of his right to seek suppression of certain evidence against him. Id. With his Motion to Inspect Grand Jury Transcript (Doc. #643) and Motion to Issue Subpoena (Doc. #644), Garcia-Guia seeks to obtain information to support his Motion to Dismiss Fourth Superseding Indictment (Doc. #513).

On August 25, 2008, this Court conducted an oral and evidentiary hearing on this motion. The parties have since submitted additional memoranda. See Docs. ##642 and 656. As a means of analysis, this Court will rule on the latter two motions, in the order in which they were filed, before turning to Defendant's Motion to Dismiss Indictment (Doc. #513). However, before engaging in that analysis, the Court will briefly set forth the matters established by the evidence presented during the evidentiary hearing.

During the oral and evidentiary hearing, Special Agent Steven Lucas ("Lucas") of the Drug Enforcement Administration ("DEA") testified that, after the initial Indictment was returned, the Government continued its investigation into the drug distribution organization in which Garcia-Guia was alleged to be participating.[1] During that continued investigation, law enforcement discovered additional information, permitting the Government to file the First (Doc. #194), Second (Doc. #290), Third (Doc. #422) and Fourth (Doc. #508) Superseding Indictments. With respect to the Fourth Superseding Indictment, which is the subject of the motions under consideration, Lucas testified that investigators and prosecutors had previously discussed the possibility of charging the individual, whom they could identify as the leader the drug distribution organization under investigation, with engaging in a continuing criminal enterprise. Lucas also indicated that corroboration of information was another predicate for charging an individual identified with engaging in such an enterprise. In late May of 2008, less than one month before the Fourth Superseding Indictment was returned, an individual, who had been a member of that organization and had been controlled by Garcia-Guia,

---

[1]Lucas is the co-case agent for this prosecution.

came forward and gave detailed information concerning the Defendant's role.[2]
Before that individual had come forward, the Government had received information
from both customers and suppliers of the alleged organization. It had not,
however, received information from an insider like the individual who came forward
in May, 2008. Prior to receiving information from that individual, no conclusion
had been reached about adding a charge of engaging in a continuing criminal
enterprise. The ultimate decision to charge Defendant in Count 22 with such an
offense was made by Robert Brichler, supervisor of Assistant United States
Attorney William Schenck ("Schenck"), lead counsel for the Government in this
prosecution.

I. Defendant's Motion to Inspect Grand Jury Transcript (Doc. #643)

With this motion, Garcia-Guia requests that he be permitted to inspect the
minutes of the Grand Jury that returned the Fourth Superseding Indictment, adding
Count 22. See Doc. #643. The Government has filed a memorandum opposing
the Defendant's motion. See Doc. #667. As a means of analysis, the Court will
review the legal standards it must apply whenever ruling on a request to inspect
Grand Jury materials, following which it will turn to the parties' arguments in
support of and in opposition to the instant such request.

Rule 6(e)(2) of the Federal Rules of Criminal Procedure codifies the rule of
secrecy regarding proceedings before a Grand Jury. In United States v. Proctor &

---

[2] By the spring of 2007, Lucas himself believed that Garcia-Guia was the leader of the organization.

Gamble Co., 356 U.S. 677 (1958), the Supreme Court explained the general policies upon which the rule of secrecy is based:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crimes; (5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Id. at 681 n. 6. See also, Federal Deposit Ins. Corp. v. Ernst & Whinney, 921 F.2d 83, 86 (6th Cir. 1990); In re Grand Jury Proceedings, 851 F.2d 860 (6th Cir. 1988). However, the rule of secrecy has exceptions, which are set forth in Rule 6(e)(3), one of which, Rule 6(e)(3)(E)(i), authorizes disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding." Disclosure under Rule 6(e)(3)(E)(i) is permitted only where 1) the disclosure is sought either "preliminarily to" or "in connection with" a judicial proceeding, and 2) the party requesting such disclosure has demonstrated a particularized need for the requested Grand Jury materials. See e.g., United States v. Sells Engineering, Inc., 463 U.S. 418 (1983); United States v. Baggot, 463 U.S. 476 (1983); In re Grand Jury 89-4-72, 932 F.2d 481, 483 (6th Cir.) (stressing that the need for the materials must be "compelling"), cert. denied, 502 U.S. 958 (1991).

Herein, the Defendant argues that the Court should require the Government to produce Grand Jury minutes, because he doubts whether Lucas testified truthfully during the oral and evidentiary hearing. Although he does not directly accuse the agent of having committed perjury, that is the necessary implication of

the Defendant's argument. The Defendant's disbelief about the veracity of Lucas' testimony does not constitute a particularized need for the requested Grand Jury materials, since this Court cannot agree with Garcia-Guia's premise that Lucas' testimony was not worthy of belief. On the contrary, this Court has credited that testimony, which serves as the basis of its factual findings set forth above. Defendant also argues that the Court should order the Government to produce Grand Jury materials for the same reasons that support his request to dismiss the Fourth Superseding Indictment (Doc. #508). Below, this Court rejects those reasons, concluding that Defendant's Motion to Dismiss Fourth Superseding Indictment (Doc. #513) must be overruled. Accordingly, this Court concludes that those reasons do not constitute particularized need, warranting the release of the requested Grand Jury materials.

Accordingly, the Court overrules Defendant's Motion to Inspect Grand Jury Transcript (Doc. #643).

II. Defendant's Motion to Issue Subpoena (Doc. #644)

With this motion, Garcia-Guia seeks information to support his request to dismiss the Fourth Superseding Indictment (Doc. #508). In particular, he asks that the Court issue a subpoena to Schenck to testify about the decision to include Count 22 in that charging document, in order to provide support for his (Defendant's) Motion to Dismiss Fourth Superseding Indictment (Doc. #513). In United States v. Armstrong, 517 U.S. 456, 465 (1996), the Supreme Court held that a defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent, the

two prongs of such a claim. In <u>United States v. Heidecke</u>, 900 F.2d 1155, 1159 (7th Cir. 1990), the Seventh Circuit held that the standards which apply to requests for discovery for claims of selective prosecution also apply to requests for discovery for claims of vindictive prosecution. In the next section of this Decision, this Court overrules Defendant's Motion to Dismiss Fourth Superseding Indictment (Doc. #513, predicated on the theory that he has been subjected to a vindictive prosecution, concluding that the Defendant has failed to establish one of the elements of such a claim, to wit: that the prosecutor had a stake in deterring the Defendant from exercising his right to seek suppression of the wiretap evidence. Therefore, in accordance with <u>Armstrong</u>, Garcia-Guia has not made the requisite showing entitling him to discovery on his Motion to Dismiss the Fourth Superseding Indictment (Doc. #513).

Moreover, the Justice Department has adopted a regulation governing the issuance of subpoenas, which provides:

> (c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c). This Court notes that the Defendant has not provided such an affidavit or statement herein. Such a statement would have permitted this Court to assess the importance of Schenck's testimony and to have ensured that, if a subpoena were issued, testimony by the prosecutor would be limited to the matters about which Plaintiff had sought testimony in the first instance. In the absence of such an affidavit or statement, this Court is not willing to issue a

subpoena to an Assistant United States Attorney, to require his testimony about a charging decision.

Accordingly, this Court overrules the Defendant's Motion to Issue Subpoena (Doc. #644).

III. Defendant's Motion to Dismiss Fourth Superseding Indictment (Doc. #513)

As is indicated, the Defendant has moved to dismiss the Fourth Superseding Indictment (Doc. #508), arguing that the addition of Count 22, charging him with engaging in a continuing criminal enterprise, is the product of prosecutorial vindictiveness. According to Garcia-Guia, the alleged vindictiveness is demonstrated by the fact that the minimum mandatory sentence he faces, if convicted as charged in the Fourth Superseding Indictment (Doc. #508), is 20 years, while such a term of incarceration, if convicted as charged in the Third Superseding Indictment (Doc. #422), was only 10 years.[3] As is indicated above, this Court conducted an oral and evidentiary hearing on this motion, and the parties have since submitted additional, post-hearing memoranda. See Docs. ##642 and 656. The Court now rules on the Defendant's motion, beginning its analysis by reviewing the legal standards it must apply whenever it rules on a motion seeking dismissal of an indictment on the basis prosecutorial vindictiveness.

In United States v. Moon, 513 F.3d 527 (6th Cir.), cert. denied, 128 S.Ct. 2493 (2008), the Sixth Circuit restated fundamental principles which a District

---

[3]Under each of those Indictments, the maximum possible term of incarceration is life imprisonment.

Court must apply whenever ruling on a motion to dismiss, predicated upon the assertion of vindictive prosecution, arising out increased charges:

> It is well established that due process protects against prosecutorial retaliation for a defendant's exercise of a statutory or constitutional right. <u>United States v. Poole</u>, 407 F.3d 767, 774 (6th Cir. 2005) (citing <u>United States v. Goodwin</u>, 457 U.S. 368, 372 (1982)). Indeed, "[t]o punish a person because he has done something the law plainly allows him to do is a due process violation of the most basic sort." <u>Goodwin</u>, 457 U.S. at 372 (internal citations omitted). However, "the Due Process Clause is not offended by all possibilities of increased punishment …, [ ] only by those that pose a 'realistic likelihood of vindictiveness.'" <u>United States v. Roach</u>, 502 F.3d 425, 443 (6th Cir. 2007) (quoting <u>Blackledge v. Perry</u>, 417 U.S. 21, 27 (1974)).
>
> This Court considered the issue of prosecutorial vindictiveness in the pre-trial context in <u>United States v. Andrews</u>, 633 F.2d 449 (6th Cir. 1980) (<u>en banc</u>). We held that to prove a realistic likelihood of vindictiveness, a defendant must demonstrate that "the prosecutor has some 'stake' in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable." <u>United States v. Anderson</u>, 923 F.2d 450, 453-54 (6th Cir. 1991) (citing <u>Andrews</u>, 633 F.2d at 453-455; <u>United States v. Dupree</u>, 323 F.3d 480, 489 (6th Cir. 2003). Applying this standard, we find that the district court did not abuse its discretion by denying the motion to dismiss the second superseding indictment inasmuch as Defendant failed to demonstrate a realistic likelihood of vindictiveness.

<u>Id</u>. at 535. <u>See</u> <u>also</u>, <u>United States v. Roach</u>, 502 F.3d 425, 443 (6th Cir. 2007) (noting that a defendant "alleging prosecutorial vindictiveness must show either actual vindictiveness or a realistic likelihood of vindictiveness," and that "[a]ctual vindictiveness is demonstrated by 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," while "[t]he realistic-likelihood-of-vindictiveness standard examines the prosecutor's stake in deterring the exercise of a protected right and the unreasonableness of his actions") (internal quotation marks and citations omitted), <u>cert</u>. <u>denied</u>, 128 S.Ct.

- 9 -

2051 (2008).[4]  Of course, if a defendant demonstrates a realistic likelihood of vindictiveness, the burden shifts to the Government to disprove that it so acted. United States v. Andrews, 633 F.2d 449, 456 (6th Cir. 1980) (en banc).  In United States v. Goodwin, 457 U.S. 368 (1982), the Supreme Court addressed the issue of prosecutorial vindictiveness in the pretrial context, the context in which it arises herein.  The Goodwin Court rejected the defendant's argument that his indictment on a felony charge, following his request for a jury trial on pending misdemeanor charges, gave rise to a presumption of vindictiveness.  Id. at 384.  The Supreme Court noted that, in the pretrial context, reindictment on a more serious charge does not present the same appearance of prosecutorial vindictiveness that arises when a prosecutor reindicts a defendant who has successfully exercised the right to obtain a new trial on a previously litigated issue, explaining that, because defendants regularly invoke procedural rights before trial that impose some burden on a prosecutor, it is unrealistic to presume that a prosecutor's response to a pretrial motion is an effort to penalize or deter the defendant.  Id. at 381.  In addition, at the pretrial stage of the proceedings, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized."  Id.

Garcia-Guia argues that he has demonstrated a realistic likelihood of vindictiveness,[5] flowing from the filing of his Motion to Suppress Wiretap Evidence

---

[4]In both Moon and Roach, the Sixth Circuit concluded that the District Court had not abused its discretion by overruling a defendant's motion to dismiss a prosecution for prosecutorial vindictiveness.  In each instance, the allegation of such vindictiveness arose out of the additional charges being set forth against the defendant in a superseding indictment.

[5]Since the Defendant did not present "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights" (Roach, 502 F.3d at 443), there is no evidence of actual vindictiveness.  Indeed, the Defendant has not argued that he presented evidence of actual vindictiveness.

(Doc. #322), on November 29, 2007. According to the Defendant, the prosecutor had a personal stake in deterring Garcia-Guia from the exercise of his right to request suppression of the wiretap evidence, because the hearing on his motion in that regard revealed that there were several bases that could justify suppression. In particular, Defendant contends that those bases include the failure of DEA agents to utilize normal investigative techniques before seeking authorization to conduct wiretapping, and the Government's failure to immediately seal the tapes of wiretaps obtained as a result of the authorization received in Dayton. See Doc. #642 at 7. Defendant places primary reliance upon the failure to seal the tapes of wiretaps on an immediate basis, pointing out that, although the tapes of the Dayton wiretaps were initially authorized on January 24, 2007, and extensions of that authorization expired on March 29, and April 27, 2007, the tapes of those wiretaps were not sealed until May 24, 2007. Id. at 8. For reasons which follow, this Court finds that the Defendant failed to prove that "the prosecutor has some 'stake' in deterring [Garcia-Guia's] exercise of his rights, and that the prosecutor's conduct was somehow unreasonable." United States v. Anderson, 923 F.2d 450, 453-54 (6th Cir. 1991). Accordingly, this Court concludes that the Defendant has failed to show a realistic likelihood of vindictiveness.[6]

---

[6]As a result of the Court's conclusion in that regard, it is not necessary to address the parties' arguments concerning the issues of whether the prosecutor acted unreasonably or whether the Government has successfully rebutted the realistic likelihood of vindictiveness, assuming that the Defendant demonstrated such. Although it is not necessary to address the question of whether the Government has made such a rebuttal, the Court notes that the Sixth Circuit has held that, "[i]f the prosecution can show that the additional charges were not brought earlier because they were based on new evidence, it will successfully rebut a showing of vindictiveness." United States v. Suarez, 263 F.3d 468, 480 (6th Cir. 2001). Herein, Lucas testified at the hearing that the Government did not bring Count 22 until after an individual, who had been a member of the alleged drug distribution

As an initial matter, it bears noting that Garcia-Guia filed his motion seeking suppression of the wiretap evidence on November 29, 2007. See Doc. #322. At that time, the prosecutor knew when the tapes of the Dayton wiretaps had been sealed and, thus, was aware that there was a possibility of their suppression for the failure to immediately seal them. However, despite the allegation that the knowledge of the possibility that the wiretap evidence was subject to suppression gave the prosecutor a stake in deterring Garcia-Guia from exercising his rights, the prosecutor did not include Count 22 in the Third Superseding Indictment (Doc. #422), which was filed on March 25, 2008, nearly four months after Garcia-Guia sought suppression of the wiretap evidence. Indeed, the Fourth Superseding Indictment (Doc. #508), containing Count 22, was not filed until June 25, 2008. In addition, despite the fact that Garcia-Guia's Co-Defendant Jose Garcia-Guia also filed a motion, seeking the suppression of the wiretap evidence (see Doc. #377), which has been joined in by Co-Defendant Ramiro Arroyo-Saldana (see Notation Entry Sustaining Doc. #381), the Government has not filed additional or more onerous charges against either of them. Moreover, the Government has indicated that it does not even intend to use the evidence obtained from the Dayton wiretaps (see Doc. #682), during trial. The foregoing, objective facts cause this Court to find that the prosecutor did not have a stake in deterring the Defendant from exercising his right to seek the suppression of the wiretap evidence.

---

organization and had been controlled by Garcia-Guia, had come forward and given detailed information concerning the Defendant's role. One could argue, therefore, that the addition of Count 22 in the Fourth Superseding Indictment (Doc. #508) was, indeed, based on new evidence.

Accordingly, the Court overrules Defendant's Motion to Dismiss Fourth Superseding Indictment (Doc. #513).

May 12, 2009

                                       /s/ Walter Herbert Rice
                                       WALTER HERBERT RICE, JUDGE
                                       UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.