# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,                :

                Plaintiff,                               Case No. 3:07-cr-081
                                                         Also 3:12-cv-212

                                                         District Judge Walter Herbert Rice
- vs -                                   :       Magistrate Judge Michael R. Merz

DANIEL GARCIA-GUIA,


                Defendant.                               :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This is an action on a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 933). On initial review under Rule 4 of the Rules Governing § 2255 Motions, the Magistrate Judge found the Motion barred by the one-year statute of limitations in 28 U.S.C. § 2255(f) (Report, Doc. No. 937). Defendant has objected (Doc. No. 938) and Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 939).

       In the Report, the Magistrate Judge calculated the statute of limitations expiration as follows: § 2255(f) provides one year from the date the judgment becomes final. In a case where the judgment is affirmed on appeal, the statute begins to run when the ninety-day period for seeking a writ of certiorari form the Supreme Court expires. By Supreme Court Rule 13, the 90 days runs from "the date of entry of the judgment" in the court of appeals, which in this case was

1

March 20, 2012 (Doc. No. 916).  Thus the statute began to run on June 18, 2012, and expired on June 18, 2013, one week before Garcia-Guia filed.

In his Objections, Garcia-Guia agrees with this analysis and concedes that his calculating the 90 days as running from the date this Court entered its order complying with the mandate was a mistake (Objections, Doc. No. 938, PageID 5974).  However, he objects that he should be granted equitable tolling for the one week he was late.  *Id.* at PageID 5974-81.

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), quoting *Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Because the statute of limitations in 28 U.S.C. § 2255(f) was adopted as part of the same statute, the Antiterrorism and Effective Death Penalty Act of 1996, the two clauses are *in pari materia* and should be similarly construed.

The burden is on the movant to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002).  Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.  *Jurado v. Burt*, 337 F.3d 638  (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Id.* at 561. Equitable tolling should be granted sparingly.  *Solomon v. United States*, 467 F.3d 928, 033 (6th Cir. 2006).

Garcia-Guia recognizes his obligation to show diligence in pursuit of his claims, but really offers no detail in support of his claim in his Objections "that he has made every attempt known to him with reasoning and understanding to facilitate his § 2255 Motion to the Court, and to diligently prepare his § 2255 Motion, as he has clearly and continued to proceed *pro se*." (Doc. No. 938, PageID 5977-5978.)  The Sixth Circuit has held that *pro se* status does not constitute an extraordinary circumstance to excuse late filing. *Keeling v. Warden*, 2012 U.S. App. LEXIS 3065 (6th Cir. 2012), quoting *Robinson v. Easterling,* 424 F. App'x 439, 442 & n.1 (6th Cir. 2011).

As an extraordinary circumstance external to himself, he claims that the United States Penitentiary where he is confined has been subject to numerous lockdowns during one-year period while the statute was running, although he provides neither documentation of the number or duration of those lockdowns, nor corroboration of his claims.[1]  The credibility of this claim is also called into question by the fact that Garcia-Guia, having miscalculated the statute date, filed two months before he believed it would run.  In other words, although he claims the lockdowns made him a week late, in fact he was two months early by his own calculations.

Garcia-Guia has not established entitlement to equitable tolling of the one-year statute of limitations.  It is therefore again respectfully recommended that the § 2255 Motion be dismissed with prejudice as barred by the statute of limitations.

August 2, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] The attached memorandum from the Warden does not document a lockdown, but a cell reassignment process.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).