IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,      :

        Plaintiff,

                           Case Nos. 3:07-cr-81, 3:13-cv-212

    v.                 :

                           JUDGE WALTER H. RICE

DANIEL GARCIA-GUIA,

        Defendant.      :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #934) AND SUPPLEMENTAL REPORT
AND RECOMMENDATIONS (DOC. #943); SUSTAINING IN PART AND
OVERRULING IN PART DEFENDANT'S OBJECTIONS THERETO
(DOCS. ##938, 945); DIRECTING MAGISTRATE JUDGE MERZ TO
APPOINT COUNSEL TO REPRESENT DEFENDANT WITH RESPECT TO
THE ISSUE OF EQUITABLE TOLLING; REFERRING CASE TO
MAGISTRATE JUDGE MERZ FOR AN EVIDENTIARY HEARING AND
SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON
THE EQUITABLE TOLLING ISSUE

---

In his July 1, 2013, Report and Recommendations, United States Magistrate

Judge Michael R. Merz recommended that Defendant's Motion to Vacate Under 28

U.S.C. § 2255, Doc. #933, be dismissed with prejudice as time-barred.  Defendant

filed timely objections.  Doc. #938.  He admitted that he had incorrectly

determined the date on which the statute of limitations began to run, and that, as

a result, his motion was filed seven days late.

Defendant nevertheless argued that the statute of limitations should be equitably tolled because the prison where he was housed was subject to numerous lockdowns during the one-year limitations period and, during those lockdowns, he was detained in his cell without access to materials he needed to work on his motion. Doc. #938. In support, he submitted a memo from the prison warden noting that the prison was "on lockdown" from December 23, 2012, until January 8, 2013, a period of 16 days. Ex. 1 to Doc. #938, PageID #5983. Defendant argued that if the statute of limitations were tolled for these 16 days, this would render his motion timely filed.

Defendant maintains that the prison was on lockdown status on numerous *other* occasions during the one-year limitations period. Although he attempted to gather documentation to show exactly when those lockdowns occurred, the prison staff did not comply with his requests. Doc. #938.

On August 2, 2013, Magistrate Judge Merz issued a Supplemental Report and Recommendations, Doc. #943. Citing *Holland v. Florida,* 560 U.S. 631 (2010), he acknowledged that the one-year statute of limitations is subject to equitable tolling, but the defendant must show that: (1) he has diligently pursued his rights; and (2) some "extraordinary circumstance stood in his way and prevented timely filing."

The Magistrate Judge rejected Defendant's argument that the lockdowns constituted an "extraordinary circumstance." He concluded that Defendant, having failed to provide "documentation of the number or duration of those lockdowns,"

2

and having furnished nothing else to corroborate his claims, had not demonstrated that equitable tolling was warranted.  He also found that Defendant's credibility was called into question by the fact that, despite the lockdowns, Defendant still managed to file his motion almost two months before he believed it was due.[1] Accordingly, Magistrate Judge Merz again recommended that the motion be dismissed with prejudice as barred by the statute of limitations.  Doc. #943, PageID #5993.

Again, Defendant filed timely objections.  He argues that he has diligently pursued his rights, and has done his best to demonstrate that extraordinary circumstances prevented timely filing.  He claims that during the lockdowns, he was unable to conduct legal research, use the copy machine, or talk to others who might be able to assist him.  Despite numerous requests, prison officials have failed to provide him with information concerning specific lockdown dates.  Doc. #945.  Defendant was able to submit one additional memo from the Warden, indicating that the prison was on lockdown status from November 10, 2012, until November 15, 2012, and that activities were still somewhat restricted from November 16, 2012, through November 19, 2012.  Ex. 1 to Doc. #945, PageID #6015.

---

[1]   Defendant believed that he had until August 6, 2013, to file his motion when, in fact, the statute of limitations expired on June 18, 2013.  The motion was filed on June 25, 2013.

Defendant maintains that the documentation he has provided, showing that the prison was on lockdown status for at least 25 days in November and December of 2012, is sufficient to warrant equitable tolling.  In the alternative, he suggests that the Court subpoena prison records showing how many other days the prison was on lockdown status during the relevant time period.  Doc. #945, PageID#6009.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Having reviewed the Report and Recommendations, Doc. #934, and the Supplemental Report and Recommendations, Doc. #943, the Court agrees with the Magistrate Judge that, *based on the evidence currently before the Court*, Defendant has failed to establish that equitable tolling is warranted.

As a general matter, it is difficult to show that prison lockdowns and restricted access to the law library present extraordinary circumstances that justify equitable tolling.  A defendant must prove a causal connection between the alleged lockdowns and his inability to timely file his motion. *See, e.g.*, *Corrigan v. Barbery*, 371 F. Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court

4

documents, do not by themselves qualify as extraordinary circumstances."); *Rosati v. Kernan*, 417 F. Supp.2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); *United States ex rel. Ford v. Page*, 132 F. Supp.2d 1112, 1116 (N.D. Ill. 2001) ("[T]hat a prison was sometimes on lock-down, preventing access to the prison law library, does not establish 'extraordinary circumstances' justifying equitable tolling.").

Nevertheless, in extraordinary situations, prison lockdowns might warrant equitable tolling. *See, e.g., Pre v. Almager*, No. 07-cv-890, 2007 WL 4219449, at *4-5 (S.D. Cal. Nov. 29, 2007) (concluding that the statute of limitations was subject to equitable tolling where the prison was in lockdown status for all but eleven days during the limitations period).

Here, Defendant maintains that during the one-year limitations period, there were "a number of disturbing episodes . . . creating disruption within the normal operation process," and that there were "numerous lockdowns." Doc. #938, PageID##5976-77. Despite repeated requests to prison officials, he has been able to provide documentation of just two of those lockdowns. It is not yet clear how many more lockdowns there were, or how long they lasted. Therefore, the Court cannot determine, as a matter of law, whether the lockdowns prevented Defendant from timely filing his motion.

5

In the Court's view, Defendant must be given a fair opportunity to obtain the additional documentation in support of his claim of equitable tolling, and to prove that the alleged lockdowns prevented him from filing his motion in a timely manner.  The Magistrate Judge failed to provide any such opportunity, recommending instead that the motion be dismissed with prejudice as untimely.  To that limited extent, the Court REJECTS the United States Magistrate Judge's Report and Recommendations (Doc. #934), and Supplemental Report and Recommendations (Doc. #943), and SUSTAINS Defendant's Objections thereto (Docs. ##938, 945).

The Court REFERS this matter to Magistrate Judge Merz for an evidentiary hearing, and a Second Supplemental Report and Recommendations, on the question of equitable tolling.  Magistrate Judge Merz shall first APPOINT counsel for the limited purpose of subpoenaing the relevant prison lockdown records and representing Defendant at that hearing.

Date: September 20, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

6