**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

      Plaintiff,     :     Case No. 3:07-cr-081
          also 3:13-cv-212

  - vs -

          District Judge Walter Herbert Rice
          Magistrate Judge Michael R. Merz

DANIEL GARCIA-GUIA,

      Defendant.     :

## DECISION AND ORDER

This § 2255 case is before the Court on Defendant's Motion for Reconsideration in which he seeks to have the Court reconsider its refusal to discharge appointed counsel Sasha VanDeGrift and appoint new counsel (Doc. No. 964).

On September 20, 2013, District5 Judge Rice adopted in part and rejected in part the undersigned Magistrate Judge's recommendation that this case be dismissed as barred by the statute of limitations. Garcia-Guia had attempted to overcome the bar of the statute by showing he was entitled to equitable tolling. Judge Rice agreed that he had not shown such entitlement on the evidence before the Court, but concluded

> In the Court's view, Defendant must be given a fair opportunity to obtain the additional documentation in support of his claim of equitable tolling, and to prove that the alleged lockdowns prevented him from filing his motion in a timely manner. The Magistrate Judge failed to provide such an opportunity.

1

(Entry, Doc. No. 949, PageID 6034). To provide the remedy, Judge Rice remanded the case with instructions to conduct an evidentiary hearing and to appoint counsel "for the limited purpose of subpoenaing the relevant prison records and representing Defendant at that hearing." *Id*.

On remand, the Magistrate Judge appointed Ms. VanDeGrift for the purposes ordered (Doc. No. 951). Virtually immediately, Garcia-Guia demanded that the Court not permit Ms. VanDeGrift to file anything without his countersignature, even before he knew who had been appointed (Doc. No. 953), a motion the Court denied. Then Garcia-Guia filed his Motion for Appointment of New Counsel, complaining of lack of communication with Ms. VanDeGrift (Doc. No. 955). The Magistrate Judge denied the Motion, noting that there was ample time for communication with counsel before the date set for the evidentiary hearing and that Garcia-Guia had failed to advise the Court of what it was he had been unable to communicate (Order, Doc. No. 956).

As of January 22, 2014, both parties represented to the Court that no hearing was necessary because Ms. VanDeGrift had obtained the relevant prison records and the Government did not oppose their admission in evidence. On that basis, the parties moved to vacate the hearing, file the documents, and submit simultaneous briefs on their significance (Joint Motion, Doc. No. 957). The Magistrate Judge granted the Motion and set February 22, 2014, as the date for simultaneous briefs (Doc. No. 958). Both parties submitted their briefs as ordered (Doc. Nos. 965, 966).

Garcia-Guia's Motion for Reconsideration was mailed February 21, 2014, but arrived at the Court the same day as the simultaneous briefs. He complains of continued lack of communication and of Ms. VanDeGridt's "conducting his business" without consulting him first (Doc. No. 964, PageID 6112). He cites case law regarding an attorney's duty of loyalty to the

2

client.   He accuses Ms. VanDeGrift of "conspiring … with   corrupt intent." *Id.*   at PageID 6116. He accuses her of constructively abandoning him. *Id.*

Garcia-Guia's complaints are not substantiated.   Persons who obtain appointed counsel in federal court are entitled to competent professional representation, but not to demand full-time attention to their cases.  On the other hand, the Court will not compel a litigant to accept representation by an attorney who the litigant does not want.   Garcia-Guia has lost confidence in Ms. VanDeGrift, but that does not mean he is entitled to a different lawyer.

Ms. VanDeGrift has discharged the responsibilities for which she was appointed.   She has explained to Garcia-Guia why, in her professional judgment, he should not testify live at an evidentiary hearing.   Unlike the situation in a criminal trial, that ultimate decision is not Garcia-Guia's to make.

Accordingly, Ms. VanDeGrift is discharged from further representation of Defendant in this matter.   Defendant's request for the appointment of new counsel is DENIED.   The Magistrate Judge will consider the pending briefs and render a second supplemental report and recommendations to Judge Rice as ordered by him.   Garcia-Guia will be listed on the docket as *pro se* from this point forward and will have the opportunity to file objections to the second supplemental report, or indeed to make any other filings he deems proper, as this matter proceeds.

The Clerk will serve copies of this Order on Mr. Garcia-Guia directly.

February 27, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge
