# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:07-cr-081<br>Also 3:13-cv-212 |
| - vs - | : | District Judge Walter Herbert Rice<br>Magistrate Judge Michael R. Merz |
| DANIEL GARCIA-GUIA, | | |
| Defendant. | : | |

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is an action on a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 933).

**Procedural History**

On initial review under Rule 4 of the Rules Governing § 2255 Motions, the Magistrate Judge found the Motion barred by the one-year statute of limitations in 28 U.S.C. § 2255(f) (Report, Doc. No. 934). Defendant objected (Doc. No. 938) and Judge Rice recommitted the matter for reconsideration (Doc. No. 939). On reconsideration, the Magistrate Judge filed a Supplemental Report and Recommendations again recommending dismissal (Doc. No. 943).

On September 20, 2013, Judge Rice adopted the pending Report and Supplemental Report in part, but rejected them in part, holding that the Magistrate Judge had failed to provide

1

Garcia-Guia with a fair opportunity to obtain additional documentation in support of his claim of equitable tolling. (Decision and Entry Adopting in Part and Rejecting in Part United States Magistrate Judge's Report and Recommendations, etc., "Decision and Entry", Doc. No. 949, PageID 6034.) As a remedy, Judge Rice again referred the case with instructions to appoint counsel "for the limited purpose of subpoenaing the relevant prison lockdown records" and representing Garcia-Guia at an evidentiary hearing on equitable tolling. *Id.*

Thus instructed the Magistrate Judge appointed Sasha Alexa M. VanDeGrift as counsel for Garcia-Guia (Doc. No. 951). Ms. VanDeGrift obtained the relevant lockdown documents and jointly moved with the United Sates to submit the case on the documentary evidence (Doc. No. 957).[1] At Garcia-Guia's request, Ms. VanDeGrift was discharged after she had filed the Trial Brief (Doc. Nos. 966, 967). The equitable tolling question is now ripe for decision.

## Analysis

In the Decision and Entry, Judge Rice held that "*based on the evidence currently before the Court*, Defendant has failed to establish that equitable tolling is warranted." (emphasis in original)(Doc. No. 949, PageID 6032). He held that a defendant claiming equitable tolling on the basis of lockdowns "must prove a causal connection between the alleged lockdowns and his inability to timely file his motion." *Id., citing Corrigan v. Barbery*, 371 F. Supp 2d 325 (W.D.N.Y. 2005); *Rosati v. Kernan*, 417 F. Supp. 2d 1128 (C.D. Cal. 2006); *United States ex rel. Ford v. Page,* 132 F. Supp. 2d 1112 (N.D. Ill. 2001); and *Pre v. Almager*, No. 07-cv-890, 2007 U.S. Dist. LEXIS 89997 (S.D. Cal. Nov. 29, 2007). Defendant claimed there were "numerous

---

[1] That request was granted only after consultation with Judge Rice.

lockdowns" but had been able to provide documentation of only two of them (Decision and Entry, Doc. No. 949, PageID 6033).

Upon review of the documentation obtained by Defendant's counsel, it turns out that there were in fact only two lockdowns at the United States Penitentiary as Big Sandy during the relevant time period: (1) November 10, 2012, through November 20, 2012, and (2) December 23, 2012, through January 9, 2013 (Notice of Filing Prison Records, Doc. No. 959, PageID 6061). As Garcia-Guia's counsel counts them, that is a total of twenty-seven days (Doc. No. 966, PageID 6154). That is only two days more than the twenty-five days Judge Rice found was insufficient to show extraordinary circumstances (Decision and Entry, Doc. No. 949, PageID 6032).

The submissions on behalf of the prison show that lockdown restricted Garcia-Guia only from research in the law library at Big Sandy. He could have obtained a portable word processor for document preparation if he was concerned about missing a legal deadline during a lockdown (Doc. No. 959, PageID 6063). It is also institutional practice to requests extensions on behalf of inmates who have deadlines occurring during lockdowns. *Id.*

In the original Report, the Magistrate Judge calculated the expiration date of the statute of limitations as June 18, 2013, one year after Garcia-Guia's time to file a petition for writ of certiorari in the United States Supreme Court expired, which is the date the conviction became final (Report, Doc. No. 934, PageID 5963).[2] Garcia-Guia signed his Motion to Vacate and deposited it in the prison mailbox on June 25, 2013, one week late. As can be readily seen, the expiration did not happen during or even close to one of the lockdowns, but more than six months after the last lockdown ended. These facts do not support a finding that the lockdowns

---

[2] This conclusion is a part of the Report which was adopted by Judge Rice and it is now the law of the case.

somehow caused the delay in filing. Such a finding is a prerequisite to applying equitable tolling based on lockdowns. (See Decision and Entry, Doc. No. 949, PageID 6032 and cases cited.)

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *Pro se* status and limited law library access are insufficient to ground equitable tolling. *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011).

As noted in the original Report, Garcia-Guia calculated his due date as running the ninetieth day after this Court entered its Entry Complying with the Mandate (Report, Doc. No. 949, PageID 5963). That was an error of law because U.S. Supreme Court Rule 13 says the ninety days runs from the date of the appellate judgment and not from the date of mandate or some later date. Under Garcia-Guia's calculation, set forth in ¶ 18 of his Motion, he would have had until August 6, 2013, to file (May 8, 2012, when Doc. No. 918 was filed plus ninety days plus 365 days). But a mistake of law is not a basis for equitable tolling.

The underlying premise of Garcia-Guia's equitable tolling claim is that he needed access to the law library – not allowed during lockdown – to prepare his Motion to Vacate. Of course, the form for a § 2255 Motion specifically advises a defendant not to argue or cite law. Garcia-Guia filed a 42-page memorandum in support of his Motion, but he was under no obligation to do so or indeed to file any citations of law until the Government had filed an answer.

In addition to the legal authority cited by Judge Rice in the Decision and Entry, Garcia-Guia's counsel has cited *United States v. Gabaldon,* 522 F.3d 1121 (10th Cir. 2008). In that case

the § 2255 motion was due to be filed by March 21, 2006, but the defendant was placed in segregation on February 2, 2006, and held there until April 4, 2006. He filed his motion twenty-two days later, having been denied access to all of his legal materials while in segregation, not just law library access. In *Davis v. Cartiledge,* 2011 U.S. Dist. LEXIS 12525 (D.S.C. Feb. 8, 2011), also cited by Garcia-Guia, the district judge held the petitioner was entitled to an evidentiary hearing on his equitable tolling claim, but also held "[g]enerally speaking, 'prison conditions, such as lockdowns or misplacement of legal papers,' are not grounds for equitable tolling. *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004)." *Id.* at *9.

Garcia-Guia's counsel cites the well-established principle that the law, including federal law, favors deciding cases on their merits (Trial Brief, Doc. No. 966, PageID 6158). However, the relevant Supreme Court and Sixth Circuit precedent do not allow us to ignore a statute of limitations adopted by Congress in the interest of finality. Moreover, to adopt a rule based on Garcia-Guia's equitable tolling claim would mean we would always extend the statute of limitations in these cases by the amount of any lockdown time, regardless of any showing of impact on preparation of the motion.

It is therefore again respectfully recommended that Defendant's § 2255 Motion be dismissed with prejudice as time-barred, his claim of equitable tolling notwithstanding.

May 12, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

5

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).