IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff,

v. : Case No. 3:07-CR-081(1)

DANIEL GARCIA-GUIA, JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (DOC. #1050)

---

Following a jury trial, Defendant Daniel Garcia-Guia was convicted of Conspiracy to Distribute and Possess with Intent to Distribute in excess of 5 kilograms of Cocaine (Count 1), Attempt to Possess with Intent to Distribute Cocaine (Count 3), and Engaging in a Continuing Criminal Enterprise (Count 22).

On September 29, 2009, the Court sentenced him to 360 months on Count I, 360 months on Count III, and life imprisonment on Count 22, each Count to run concurrently. Doc. #785. On appeal, the conspiracy conviction (Count 1) was vacated. The remainder of the sentence remained unchanged. Doc. #918.

This matter is currently before the Court on Defendant's Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(2), from life to 324 months, based on retroactive application of Amendment 782. Doc. #1050. Amendment 782,

effective November 1, 2014, altered U.S.S.G. § 2D1.1 by making an across-the-board two-level reduction in the drug offense tables. It was made retroactive by Amendment 788.

As a general rule, a court has no authority to modify a previously-imposed sentence. However,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Such a reduction, however, is not authorized where the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, **a statutory mandatory minimum term of imprisonment**)." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). *See also* App. Note 1 to U.S.S.G. § 1B1.10 (concerning eligibility for sentence reduction).

The Government argues that Amendment 782 did not have the effect of lowering Mr. Garcia-Guia's applicable guideline range because his conviction on Count 22, for Engaging in a Continuing Criminal Enterprise ("CCE"), carried a mandatory minimum sentence of life in prison. The Government therefore maintains that Defendant is not eligible for a sentence reduction under

2

§ 3582(c)(2). In the alternative, the Government argues that, if the Court finds that Defendant is eligible, the Court should not exercise its discretion to reduce his sentence, given the mandatory life sentence on Count 22, and consideration of the factors set forth in 18 U.S.C. § 3553(a).

The Court agrees that Defendant is not eligible for a sentence reduction under § 3582(c)(2). Given that Defendant was subject to a statutory mandatory minimum sentence of life imprisonment, Amendment 782 does not "have the effect of lowering the defendant's applicable guideline range."[1]

Defendant's reliance on *United States v. Eason*, No. 17-1035, 2017 U.S. App. LEXIS 26175 (6th Cir. Dec. 20, 2017), is misplaced. Although Eason was convicted of a CCE offense, there is no indication that he was subject to a mandatory minimum sentence; he received a sentence of 480 months. That case is therefore inapposite.

---

[1] Garcia-Guia's three convictions were grouped for purposes of sentencing and, pursuant to U.S.S.G. § 3D1.3(a), the offense level for the most serious offense, the CCE conviction, applied. This resulted in an offense level of 42. With Defendant's criminal history category of II, the applicable advisory guideline range was 360 months to life. Nevertheless, because the guideline range is trumped by the mandatory minimum life sentence for the conviction on Count 22, life imprisonment becomes the "applicable guideline range." Amendment 782 does not change this.

For the reasons set forth above, the Court concludes that Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court therefore OVERRULES his Motion to Reduce his Sentence, Doc. #1050.

Date: July 26, 2021

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE