THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:07-cr-81 (1) |
| v. | : | |
| DANIEL GARCIA-GUIA, | | Judge Walter H. Rice |
| Defendant. | : | |

---

ORDER OVERRULING MOTION (DOC. #1075) AND SUPPLEMENTAL MOTION (DOC. #1077) TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) OF DEFENDANT DANIEL GARCIA-GUIA WITHOUT PREJUDICE TO FIILING RENEWED MOTION SEEKING COMPASSIONATE RELEASE PURSUANT TO AMENDMENT 814 TO THE UNITED STATES SENTENCING GUIDELINES WITHIN (30) DAYS OF THIS ENTRY; PLAINTIFF UNITED STATES OF AMERICA MAY FILE A MEMORANDUM *CONTRA* SUCH MOTION WITHIN TWENTY-ONE (21) DAYS OF FILING; DEFENDANT MAY FILE A REPLY WITHIN FOURTEEN (14) DAYS THEREAFTER

---

Before the Court is the Motion (Doc. #1075) and Supplemental Motion (Doc. #1077) to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) of Defendant Daniel Garcia-Guia. On September 30, 2009, Defendant was sentenced to life imprisonment after being convicted of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine (Count One), attempt to possess with intent to distribute cocaine (Count Three), and participation in a continuing criminal enterprise (Count Twenty-Two). (Judgment, Doc. #785, PAGEID 3565-67, citing 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 848(a), (b)(2)(A);

Fourth Superseding Indictment, Doc. #508). Defendant is forty-two years old with no present release date.[1]

Defendant's last filing in support of the Motions was docketed on April 10, 2023. (Doc. #1079). The United States Sentencing Commission ("Commission") issued Amendment 814, effective November 1, 2023, which amended United States Sentencing Guideline ("Guideline") § 1B1.13(b) to include as an "extraordinary and compelling reason" for relief "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment[.]" U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(6). Amendment 814 resolved a split among district and appellate courts by expressly allowing district courts to consider non-retroactive changes in the law to determine what constitutes an "unusually long sentence," and thus, eligibility for compassionate release, "where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id*.

Defendant has served more than ten years of his sentence, and a life sentence, is undoubtedly "lengthy." "Of note," however, "the Guidelines do not expressly define an 'unusually long sentence' or 'gross disparity' in the context of determining a defendant's entitlement to a sentence reduction[.]" *United States v.*

---

[1] https://www.bop.gov/inmateloc/ (last accessed Sept. 3, 2024).

*Luke*, No. 14cr-6089-FPG, 2024 WL 1693275, *5 (W.D.N.Y. Apr. 19, 2024). Indeed, Guideline § 1B1.13(b)(6) stresses the individualized nature of the Court's analysis, and the Court needs particularized evidence, caselaw, and argument with respect to Defendant's individual circumstances before it can determine whether the sentence is "unusually long."

Moreover, the Motion and Supplemental Motion properly read as seeking compassionate release pursuant to the gravamen of Amendment 814. As the motions were filed prior to the Amendment, Defendant deserves the opportunity to present his argument in light of the Commission expressly permitting courts to consider non-retroactive changes to the law and Guidelines.[2]

Accordingly, the Motion (Doc. #1075) and Supplemental Motion (Doc. #1077) are OVERRULED WITHOUT PREJUDICE to Defendant filing a renewed motion seeking compassionate release in light of Amendment 814 within thirty (30) days of this Order. Plaintiff United States of America may file a memorandum *contra* within twenty-one (21) days after the supplemental motion is filed, and Defendant may file a reply within fourteen (14) days thereafter.

IT IS SO ORDERED.

September 3, 2024

*[signature]*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[2] While Defendant filed a *pro se* Motion for Sentence Reduction (Doc. #1080) on May 24, 2024, which this Court overruled (Order, Doc. #1081), he did not argue specifically for compassionate release. Nor did he extensively discuss any non-retroactive changes to the law.