THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:07-cr-81 (1) |
| v. | : | |
| DANIEL GARCIA-GUIA, | | Judge Walter H. Rice |
| Defendant. | : | |

---

DECISION AND ENTRY OVERRULING MOTION FOR COMPASSIONATE RELEASE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) OF DEFENDANT DANIEL GARCIA-GUIA (DOC. #1089)

---

Before the Court is the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) of Defendant Daniel Garcia-Guia. (Doc. #1089). For the reasons set forth below, the Motion is OVERRULED.

I. **Factual Background and Procedural History**

The Court set forth extensively the history of this case in its September 4, 2024, Order Overruling Defendant's Motion and Amended Motion to Modify Sentence (Doc. #1082, PAGEID 6673-74), and Decision and Entry Overruling Consolidated Motion for Compassionate Release. (Doc. #1085, PAGEID 6716-18). The undersigned incorporates those discussions by reference. Defendant is forty-three years old with no present release date.[1] In the Motion, Defendant notes that several courts have granted compassionate release in cases where, like here, the

---

[1] https://www.bop.gov/inmateloc/ (last accessed Jun. 23, 2025).

defendant was a youthful offender serving a life sentence. (Doc. #1089, PAGEID 6738-39 (collecting cases)). Defendant also notes that the United States Sentencing Commission now expressly authorizes district judges to consider that an offender is a young adult as a factor in departing downward from the Guideline range. (*Id.* at PAGEID 6739, quoting U.S. SENT'G GUIDELINE § 5H1.1). He argues that, in light of Guideline section 5H1.1, his receiving criminal history points for offenses he committed as a young adult, and his rehabilitation and good behavior while incarcerated, Defendant's sentence should be reduced to time served (approximately twenty years as of the date of the Motion), and he should be released so that he may be deported to Mexico. (*Id.* at PAGEID 6740-42, citing 18 U.S.C. § 3142(g); *Pepper v. United States*, 562 U.S. 476 (2011); U.S. SENT'G GUIDELINE § 1B1.13).[2]

The matter is now ripe for decision.

## II.  Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a

---

[2] Alternatively, Defendant prays that Plaintiff United States of America ("Government") move for Defendant's early release under the "Fast-Track Program." (Doc. #1089, PAGEID 6742, citing Motion for Fast-Track Release, Doc. #1087). For the reasons set forth in the Court's Order overruling the Fast-Track Motion (Doc. #1088), Defendant has not demonstrated his eligibility for the program.

2

> reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprive a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

### III.    Analysis

Guideline section 5H1.1, as relied upon by Defendant, was set forth by the United States Sentencing Commission as part of Amendment 829 to the

3

Guidelines and became effective on November 1, 2024. However, Amendment 829 was not made retroactive. *See, e.g., United States v. Edwards*, No. 1:21-cr-126-3, 2025 WL 987742, *2 (N.D. Ohio Apr. 2, 2025). Moreover, the United States Court of Appeals for the Sixth Circuit recently invalidated Guidelines Amendment 814, under which district courts were able to consider non-retroactive changes to the Guidelines in evaluating a compassionate release motion. *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). Thus, the Court may not consider Defendant's relatively young age in evaluating the instant Motion. Finally, as Defendant concedes (Doc. #1089, PAGEID 6741), rehabilitation alone is insufficient to warrant sustaining a motion for compassionate release, and this Court already rejected Defendant's argument that the Guideline section 1B1.13 factors weigh in favor of release. (Doc. #1085, PAGEID 6722-23). As there is no basis for Defendant's Motion, it must be overruled.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. #1089) is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

4

IT IS SO ORDERED.

June 25, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT